## PATRICK AND BROWN *against* THE COMMERCIAL INSURANCE COMPANY.

*In an action on a policy of insurance on the cargo of the same ship, and for the same voyage, and with the same clause, as in the last case; it was held that though the loss was in port, it was not occasioned by sea risk, but was to be attributed wholly to the act of the French, for there was no evidence of the cargo being injured by the stranding; and had it not been for the French force, it might have been removed in safety.*

THIS was an action on a policy of insurance on the *cargo* of the ship *Thomas Jefferson*, for the same voyage as in the last case, and the policy contained the same clause as to the risk in port. The facts proved at the trial were substantially the same as in the last cause. (*Ante*, p. 9.) The cargo on board the *Thomas Jefferson*, after she was stranded, and before she was burnt by the *French*, was not injured; but it did not appear that any attempt was made to unload the ship after she had stranded.

The judge charged the jury, that if they should be of opinion that the *Trochedera* islands were within the port of *Cadiz*, that then the ship must be considered as lost in port, although she was burnt on dry land and above high-water mark, and then the case would fall within the exception in the policy, unless the jury should be of opinion that the loss was occasioned by sea risk; that if they were convinced that the cargo, after the ship was stranded, could not have been removed to a place of safety, either on account of the *interdiction* of the intercourse between *Cadiz* and the place where the *Thomas Jefferson* lay, or on account of the contiguity of the enemy, they ought to find for the plaintiffs as for a total loss. The jury found a verdict for the plaintiffs for a total loss.

A motion was made to set aside the verdict, and for a new trial.

The cause was argued with the last case, which arose on the policy on the vessel, by

*Wells* and *D. B. Ogden*, for the defendants; and,

*Hoffman* and *T. A. Emmet*, for the plaintiffs.

2

ALBANY,
Jan. 1814.

PATRICK
v.
COM. INS. CO.

KENT, Ch. J. delivered the opinion of the court. The same question arises here as in the former case, whether the loss of the cargo is to be attributed to the stranding of the ship. But as the cargo was not injured by the stranding, and as no effort was made to take it from the vessel, and as the means of removing it (if necessary) from the vessel, across the *Bay of Cadiz*, to the city, might easily have been procured, it is evident that the loss of the cargo must be imputed to a peril not insured against. It must be attributed wholly to the act of the *French*. Whether we refer the loss to the *French* violence, or to the *Spanish* prohibition, in either case the loss was not by sea risk. The stranding, undoubtedly, led to this unhappy result, but the court are to place the loss to this result and not to the stranding; and this, upon the maxim that *causa proxima et non remota spectatur*. If there was any deterioration of the cargo arising from the stranding, it was unascertained, and was presently absorbed in the total loss by fire. " If," says Lord *Ellenborough*, " a ship meet with sea damage which checks her rate of sailing, so that she is taken by an enemy from whom she would otherwise have escaped; though she would have arrived safe but for the sea damage, the loss is to be ascribed to the capture, not to the sea damage." This principle is illustrated in the cases of *Green* v. *Emslie*, (*Peake's N. P. Cases*, 212.) and *Livie* v. *Janson*, (12 *East*, 648.) Had the stranding amounted, of itself, to a total loss, then the subsequent act of the *French* would not have altered the case; and this was all that was said by the court upon this point in *Schieffelin* v. *New-York Insurance Company*. (9 *Johns. Rep.* 21.) If the ship, instead of being driven on the opposite shore of the port, had been driven to any part of the shore of the *Isle of Leon*, and within the same bay, but out of the reach of the *French*, can any one doubt that the cargo would not have been saved?

The charge of the learned judge was incorrect in stating, that if the cargo, after the stranding, could not have been removed by reason of the *French* force or the *Spanish* interdiction, the jury ought to find a total loss; for this was making the defendants responsible for a loss in port, arising directly and immediately from other risks than those which the defendants had assured.

The verdict must, therefore, be set aside and a new trial awarded, with costs to abide the event of the suit.

New trial granted.